# Nos. 12-56067, 12-56068, 12-56077 (consolidated)

IN THE

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

════════════

### ESTATE OF ROBERT GRAHAM et al.

*Plaintiffs—Appellants*

*v.*

### SOTHEBY'S, INC.

*Defendant—Appellee*

════════════

### THE SAM FRANCIS FOUNDATION et al.

*Plaintiffs—Appellants*

*v.*

### CHRISTIE'S, INC.

*Defendant—Appellee*

════════════

### THE SAM FRANCIS FOUNDATION et al.

*Plaintiffs—Appellants*

*v.*

### EBAY, INC.

*Defendant—Appellee*

════════════

APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
JACQUELINE H. NGUYEN, DISTRICT JUDGE • CASE NOS. CV 11-8604 JHN (FFMx),
CV 11-8605 JHN (FFMx), CV 11-8622 JHN (PLAx)

════════════

## BRIEF OF AMICI CURIAE ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC; HVFG LLC; AND HOT'S RESTAURANT GROUP, INC., IN SUPPORT OF EN BANC REHEARING

════════════

MICHAEL TENENBAUM, ESQ.
1431 OCEAN AVENUE, SUITE 400
SANTA MONICA, CALIFORNIA 90401-2136
TEL (310) 919-3194 • FAX (310) 919-3727
MT@POST.HARVARD.EDU

COUNSEL FOR AMICI CURIAE
**ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC; HVFG LLC; AND HOT'S RESTAURANT GROUP, INC.**

## CORPORATE DISCLOSURE STATEMENT

Association des Éleveurs de Canards et d'Oies du Québec is a Canadian non-profit corporation.  It has no parent corporation nor is there any publicly held corporation that owns 10% or more of its stock.

HVFG LLC is a New York limited liability company.  It has no parent corporation nor is there any publicly held corporation that owns 10% or more of its stock.

Hot's Restaurant Group, Inc., is a California corporation. It has no parent corporation nor is there any publicly held corporation that owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................ii

IDENTITY OF AMICI CURIAE, INTEREST IN THE
CASE, AND AUTHORITY TO FILE THIS BRIEF........................ 1

ARGUMENT ................................................................... 3

I.   En Banc Review in this Case Will Be Necessary if the
     Supreme Court Does Not Grant the *Harris* Plaintiffs'
     Pending Petition for Certiorari .............................................. 5

II.  En Banc Review of *Harris* Is Essential to Secure
     Uniformity of this Court's Decisions and Align Them
     with Governing Supreme Court Precedent ......................... 8

CONCLUSION.................................................................. 13

CERTIFICATE OF COMPLIANCE (FORM 6)

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ades v. Omni Hotels Management Corp.*,
2014 WL 4577906 (C.D. Cal. Sep. 8, 2014) ................................10

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*,
729 F.3d 937 (9th Cir. 2013) ................................................*passim*

*Healy v. Beer Institute, Inc.*,
491 U.S. 324 (1989) ............................................................*passim*

*McBurney v. Young*,
___ U.S. ___, 133 S.Ct. 1709 (2013) ................................................5

*Pharm. Research & Mfrs. of America v. Concannon*,
249 F.3d 66 (1st Cir. 2001)............................................................9

*Pharm. Research & Mfrs. of America v. Walsh*,
538 U.S. 644 (2003) .........................................................5, 7, 9, 13

*Rocky Mountain Farmers Union v. Corey*,
730 F.3d 1070 (9th Cir. 2013) .........................................1, 4, 7, 11

## Rules

Circuit Rule 29-2(e)(1) ..............................................................1

# IDENTITY OF AMICI CURIAE, INTEREST IN THE CASE, AND AUTHORITY TO FILE THIS BRIEF[1]

The Court has asked the parties to file supplemental briefs addressing whether this case should be heard en banc and, in particular, whether there is a conflict in the opinions of two recent panels of this Court — *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1101 (9th Cir. 2013), and *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 951 (9th Cir. 2013) ("*Harris*")[2] — regarding the applicability of *Healy v. Beer Inst.*, 491 U.S. 324 (1989). (App. Dkt. 85.)

Amici Curiae Association des Éleveurs de Canards et d'Oies du Québec; HVFG LLC; and Hot's Restaurant Group, Inc. (together, the

---

[1]     Because this brief is submitted in support of en banc rehearing and follows the parties' filings of briefs addressing whether the case should be heard en banc, it should be deemed timely filed by analogy to Circuit Rule 29-2(e)(1), i.e., permitting an amicus brief "no later than 10 days after" a party's petition or response is filed with respect to rehearing en banc.  (The parties' briefs were simultaneously filed on September 19, 2014; this brief is being filed within 10 days, on September 29, 2014.)

[2]     At oral argument in this case, the Court referred to *Ass'n des Eleveurs* as simply "*Harris*" (in lieu of having to say its full French name).  While that reference may risk confusion with other cases in which the California Attorney General Harris is the appellee, because the parties continued to use that reference in their supplemental briefing, we likewise refer to the "*Harris*" case as such.

"*Harris* Plaintiffs" or "we"), are the plaintiffs in *Harris*.[3]    *Harris* actually remains pending both in the district court and on petition for certiorari to the United States Supreme Court — supported by 13 other States — with a decision expected as soon as October 6, 2014.  (The *Harris* panel's opinion was issued on appeal of the denial of a preliminary injunction.)

In her opposition to the cert petition, California Attorney General Harris herself relies heavily on the *Harris* panel's interpretation of *Healy*, and our reply brief points out just some of the reasons why that view is mistaken.  *See* Reply Brief of Petitioners at pp. 5-8, available at http://www.scotusblog.com/case-files/cases/association-des-eleveurs-de-canards-et-doies-du-quebec-v-harris/.    As explained below, if the Supreme Court does not grant our cert petition in *Harris*, then en banc review in this case will be necessary to secure uniformity of this Court's decisions on a question of exceptional importance.

---

[3]    Association des Éleveurs de Canards et d'Oies du Québec is an association of the leading duck and goose farmers in Quebec, Canada. HVFG LLC, known as Hudson Valley Foie Gras, raises ducks on its farm in New York and is the largest producer of foie gras and other moulard duck products in the United States.  Hot's Restaurant Group, Inc., operates a restaurant in Hermosa Beach that, until the statute at issue in *Harris* took effect on July 1, 2012, sold dishes containing USDA-approved products from ducks raised entirely outside California.

As amici curiae here, the *Harris* Plaintiffs have a significant interest in the issue of *Healy*'s applicability in cases of extraterritorial regulation. Quite obviously, insofar as the panel's opinion in *Harris* reflects a departure from the rule established by the Supreme Court in *Healy*, it will continue to directly impact the *Harris* Plaintiffs in future proceedings in the district court. But the problem extends well beyond our case. The *Harris* panel's opinion up-ends fundamental aspects of federalism, state sovereignty, and free trade in the United States. En banc review offers this Court the opportunity to ensure that *Harris* does not continue to defy a century of Supreme Court precedent.

Each of the parties has consented to the filing of this brief.[4]

## ARGUMENT

The *Harris* Plaintiffs submit this amicus brief: (1) to inform the Court of certain aspects of the continuing proceedings in the *Harris* case that will make en banc review necessary if the Supreme Court does not grant cert in *Harris*, and (2) to illustrate how review of *Harris* is necessary to secure uniformity of this Court's decisions before *Harris*

---

[4]    No party's counsel authored this brief in whole or in part, and no such counsel or party, nor any person other than the *Harris* Plaintiffs or their counsel, contributed money that was intended to fund the preparation or submission of this brief.

leads district courts in this circuit to rely on its erroneous interpretation of the Supreme Court's Dormant Commerce Clause jurisprudence.

As to the arguments advanced by the parties, we avoid repeating them and instead simply note that both Plaintiffs-Appellants and the other amici rightly recognize the need for en banc review. Moreover, while Defendants-Appellees argue against it, they, too, recognize that *Harris* is an aberration. *See* Christie's Supp. Brief at 16 ("the Harris panel failed to consider the robust body of precedent from the Supreme Court and this Court pointing in the opposite direction"); Sotheby's Supp. Brief at 10 ("Even if *Harris* somehow applied *Healy* differently than it was applied in *Corey* or other Ninth Circuit decisions . . . ."). It should now be obvious that *Harris* is out of line — and that only an en banc panel can align it with the correct interpretation of the Constitution by this Court and the Supreme Court.[5]

---

[5] While Plaintiffs-Appellants correctly recognize that en banc review is necessary, they nevertheless argue — because their survival hinges on the erroneous panel opinion in *Harris* — that it is merely the "language" in *Rocky Mountain* and in *Harris* that is in conflict, not the holdings of those two cases. But this is not a sensible distinction, since courts can only express their holdings through language, and what the panel actually said in *Harris* departs from a century of Supreme Court precedent protecting the free trade area that is the United States.

## I. En Banc Review in this Case Will Be Necessary if the Supreme Court Does Not Grant the *Harris* Plaintiffs' Pending Petition for Certiorari.

Stuck with the panel's decision in *Harris*, and having been denied en banc review,[6] the *Harris* Plaintiffs were left with little choice but to petition for certiorari to address the panel's defiance of Supreme Court precedent on an issue of exceptional national importance.  Indeed, while some judges refuse to recognize a Dormant Commerce Clause violation in the absence of discrimination, the Supreme Court reminded otherwise just last year.  "The 'common thread' among those cases in which the Court has found a dormant Commerce Clause violation is that the State interfered with the natural functioning of the interstate market either through prohibition or through burdensome regulation."  *McBurney v. Young*, ___ U.S. ___, 133 S.Ct. 1709, 1720 (2013) (internal citation and quotation omitted).

---

[6]    Citing *Pharm. Research & Mfrs. of America v. Walsh*, 538 U.S. 644 (2003), the California Attorney General's amici had argued that "the Supreme Court recently clarified that '[t]he rule that was applied in *Baldwin* and *Healy* . . . is not applicable' outside of the price control context."  In response, the *Harris*  Plaintiffs explained that what the Supreme Court had said in *Walsh* was simply that "[t]he rule that was applied in *Baldwin* and *Healy* accordingly is not applicable *to this case*" — i.e., *not* that the rule was inapplicable in any case not involving pricing.  (App. Dkt. 58 at 6 in case no. 12-56822 [citing *Walsh*, 538 U.S. at 669].)

At oral argument in this case, it was noted that the California Attorney General had been notified of the challenge to the constitutionality of the CRRA — but declined to intervene. Yet the Court should not infer from her silence in this case that General Harris has not taken a position on the applicability of *Healy*. She certainly has. In *Harris*, the she has argued at every level — in the district court, in this Court, and in the Supreme Court — that the extraterritoriality doctrine reinforced by *Healy* is limited to the pricing context. *See* Dkt. 116 at 11 in case no. 2:12-cv-05735-SVW-RZ ("The U.S. Supreme Court recently explained that *Healy* and cases like it are limited to price control laws[.]"); App. Dkt. p. 34 in case no. 12-56822 (same); and Brief in Opposition [to Petition for Certiorari] at p. 7 ("[T]his Court has expressly noted that the rule applied in the *Baldwin-Healy* line of cases is 'not applicable' outside the context of laws akin to price-control or price-affirmation statutes."), available at http://tinyurl.com/n532v7j.

While the point of the cert petition was not to catalog all the ways in which the panel in *Harris* erred, the issue of its misinterpretation of *Healy* is now one of the main subjects of the briefing before the Supreme Court. *See* Reply Brief of Petitioners at pp. 5-8, available at

http://tinyurl.com/ld9xmbe.  That is because the California Attorney General continues to misinterpret *Walsh* as somehow overruling a century of Supreme Court precedents *sub silentio*.  And now she can cite the *Harris* case for that misguided notion — unless cert is granted in that case or this Court takes up the issue en banc in this case.[7]

As we explained in our petition, the dissent from the denial of rehearing en banc in *Rocky Mountain* aptly observed that "nothing in *Walsh* repudiates the principle that a state may not close its borders to out-of-state goods unless exporters alter their out-of-state conduct." *Rocky Mountain Farmers Union v. Corey*, 740 F.3d 507, 519 n.7 (9th Cir. 2014).  Significantly, thirteen other States have filed an amicus brief in support of our petition, in which they explain that, unless

---

[7]     The *Rocky Mountain* panel correctly recognized that, under reigning Supreme Court precedent in *Healy*, "the 'critical inquiry is whether the practical effect of the regulation is to control conduct beyond the boundary of the state.'" *Rocky Mountain*, 730 F.3d. at 1101, citing *Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989).  This Court can search the panel's 27-page opinion in *Harris*, but it will not find a single reference to the term "critical inquiry," let alone an assessment of the practical effect of the California statute on the *Harris* Plaintiffs' out-of-state conduct.  The panel in *Harris* ducked that issue entirely by holding that *Healy* only applies to extraterritorial regulation of *prices* in other states.  Moreover, the issue of the vitality of *Healy* was never addressed at oral argument but instead surfaced in the *Harris* opinion as part of the unsound holding identified by this Court.

corrected, *Harris* undermines "the protections of the Court's dormant Commerce Clause jurisprudence and the structural limitations on extraterritorial regulation inherent in the Constitution." *See* Brief of Amici Curiae States of Nebraska, et al., in Support of Petitioners at p. 2, available at http://tinyurl.com/myy32ys.[8]

If the Supreme Court does not grant cert in *Harris*, then en banc review will become especially necessary to maintain uniformity of this Court's decisions. In terms of timing, our petition has been distributed for consideration at the Justices' conference on September 29, 2014, i.e., today. An order is expected as soon as October 6, 2014.[9]

## II. En Banc Review of *Harris* Is Essential to Secure Uniformity of this Court's Decisions and Align Them with Governing Supreme Court Precedent.

There is no reason to beat around the bush at this point: the panel's opinion in *Harris* is simply wrong, and an en banc panel has the authority to set things straight. In the first place, its limitation of the Supreme Court's extraterritoriality jurisprudence is not founded on any

---

[8]     An association representing billions of dollars of food exports from Quebec also filed an amicus brief explaining the consequences on trade with Canada.

[9]     The district court in *Harris* has vacated the hearing date on the parties' dispositive motions pending the outcome of the cert petition.

fair reading of what the high court actually said in *Walsh*, since *Walsh* did not even involve the regulation of out-of-state pricing. *Pharm. Research & Mfrs. of Am. v. Concannon*, 249 F.3d 66, 81 (1st Cir. 2001), aff'd, 538 U.S. 644 (2003) (holding that "the Maine Act does not regulate the price of any out-of-state transaction, either by its express terms or by its inevitable effect").

Second, the holding in *Harris* — that the Dormant Commerce Clause only forbids the extraterritorial regulation of *prices* but permits a state to regulate all other activity beyond its borders — defies the decisions of the Supreme Court and other circuits, as cited in the auction houses' briefs. It also defies common sense. If *Harris* is left to stand, a state could regulate interstate commerce — say, by banning the sale of beer from brewers of more than X barrels out-of-state or the sale of products from ducks fed more than Y food out-of-state — based on the *quantity* brewed or fed in another state, and yet claim that it is not controlling economic activity beyond its borders because it does not dictate any prices. Such a distinction would be absurd, and it finds no support in the case law of this Court or the Supreme Court.

En banc review of the panel's opinion in *Harris* is necessary before lower courts defer to its erroneous interpretation of the Constitution. Just this month, a district court in California cited the very same language from *Harris* that this Court flagged as problematic here. In *Ades v. Omni Hotels Management Corp.*, 2014 WL 4577906 (C.D. Cal. Sep. 8, 2014), a hotel company with a call center in Nebraska challenged the application of the California Invasion of Privacy Act to mobile phone calls from California that are received in Nebraska, where the callers were not informed that their calls were being monitored or recorded. The district court found the statute did not "directly regulate out-of-state commerce in violation of what has been called the 'extraterritoriality' doctrine." *Id.* at *10.

In analyzing the extraterritoriality issue, the district court cited both *Rocky Mountain* and *Harris* for their discussion of the Supreme Court's decision in *Healy*. Without analyzing *Healy* for itself, the district court followed the panel's opinion in *Harris* and relied on the exact same quote from that case which has now been called into question by this Court: "The Ninth Circuit has cautioned that *Healy*, cited by Omni in support of its extraterritoriality argument, is 'not

applicable to a statute that does not dictate the price of a product and does not tie the price of its in-state products to out-of-state prices.' *Ass'n des Eleveurs de Canards et d'Oies du Quebec*, 729 F.3d 937, 951 (9th Cir. 2013) (internal quotation marks and brackets omitted)." *Ades*, 2014 WL 4577906 at *10. If that statement from *Harris* is wrong — as it is — then it should be corrected through en banc review forthwith.

Furthermore, it is telling that the majority in *Rocky Mountain* did not even mention *Harris*, despite the fact that *Harris* had been issued as a published opinion of this Court 18 days earlier. (The *Rocky Mountain* panel included a thorough discussion of *Walsh* without ever holding that *Walsh* somehow limited *Healy* in the way that *Harris* wrongly concluded. *Rocky Mountain*, 730 F.3d at 1103.) In any event, the lower courts should not be left to guess as to how the Ninth Circuit interprets the Supreme Court's binding precedents under the Commerce Clause (or, worse yet, to pick and choose the rule for themselves from either *Rocky Mountain* or *Harris*). The resolution of this issue warrants en banc review.

Finally, the auction houses argue that this case can be resolved without having to address the error in *Harris*. In their view, *Harris*

involved a statute which, at least on its face, purported to regulate only the sale of poultry products "in California," whereas the CRRA ostensibly applies not only when a "sale takes place in California" but also whenever "the seller resides in California," which would include sales made outside the state. But this argument is inadequate to escape the rule in *Harris* and thus does not avoid the need for en banc review.

First, looking at the "practical effect" of statute in *Harris*, there can be no question that — certainly as applied to the out-of-state farmers, who feed their ducks in New York and Canada — the conduct that is the object of the California law takes place entirely outside California. Just like the CRRA uses the "hook" of the seller's residency in California to try to project its regulatory regime into auction houses in New York, so too does the statute in *Harris* use the "hook" of a product's sale in California to try to project its regulatory regime onto farms in New York (and Canada). In any event, if — as the panel in *Harris* erroneously concluded — the Dormant Commerce Clause only prohibits a state from attempting to regulate the *price* at which goods are sold beyond its borders, then *Harris* must be overruled by the Court

en banc in order for the panel in this case to declare unconstitutional (as it should) the application of the CRRA to the auction houses' *non*-price-setting conduct outside California.

## CONCLUSION

For all the reasons stated here, the Court should grant en banc review.

September 29, 2014    s/ Michael Tenenbaum

_____

MICHAEL TENENBAUM, ESQ.

*Counsel for Amici Curiae*

**ASSOCIATION DES ÉLEVEURS DE CANARDS ET D'OIES DU QUÉBEC; HVFG LLC; AND HOT'S RESTAURANT GROUP, INC.**

**Form 6.**     **Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)
because:

☒ this brief contains 2,861_____words, excluding the parts of the brief exempted
by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains_____ lines of text,
excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name
and version of word processing program)* Microsoft Word 2007
*(state font size and name of type style)*     14-point Century Schoolbook_____, *or*

☐ this brief has been prepared in a monospaced spaced typeface using *(state name
and version of word processing program)*
with *(state number of characters per inch and name of type style)*

_____ .

Signature | s/ Michael Tenenbaum

Attorney for | Amicus Curiae Ass'n des Eleveurs de Canards . . . et al.

Date | September 29, 2014

| 9th Circuit Case Number(s) | 12-56067, 12-56068, 12-56077 (consolidated) |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 9/29/2014 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Michael Tenenbaum

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)